Case 4:19-cv-01729 Document 1 Filed on 05/07/19 in TXSD Page 1 of 16

United States Courts
Southern District of Texas
FILED

MAY 07 2019

David J. Bradley, Clerk of Court

DONALD DAVIS ✶
(PLAINTIFF)

VS. ✶ CAUSE NO. ____

LORIE DAVIS, ET AL.,
DIRECTOR OF TDCJ-ID,
(RESPONDENT) ✶

### 1983 CIVIL RIGHTS COMPLAINT
### WITH JURY DEMAND
### MEMORANDUM OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE THAT COMES NOW, DONALD DAVIS, PLAINTIFF, PRO SE, IN THE ABOVE STYLED CAUSE NO., FILES THIS HIS CIVIL RIGHTS COMPLAINT, IN GOOD FAITH, CONTENDING THE INTEREST OF JUSTICE WOULD BE BEST SERVED BY THIS COURT GRANTING THE SAME, AND IN SUPPORT THEREOF, YOUR PLAINTIFF WOULD SHOW UNTO THIS HONORABLE COURT THE FOLLOWING:

### I.
### PLEA FOR LIBERAL SCRUTINY

-1-

That your Plaintiff respectfully request of this Honorable Court to construe this Civil Rights Complaint liberally, as required by Haines v. Kerner, 92 S.Ct. 594 (1972), and its progeny. Your Plaintiff is a layman, and should not be held to the same stringent standards of a practicing attorney.

## II.
## Jurisdiction

That this Honorable Court has jurisdiction to entertain said complaint, pursuant to the provisions of 42 U.S.C. § 1983; U.S.C.A., Amend. 5, 8 and 14.

## III.
## Civil Rights Complaint

That on or about the 4th day of September, 2017, while at the Polunsky Unit, located in Livingston, Texas, an unwarranted "use of force" was implemented against Plaintiff by officers, resulting into an officer intentionally and willfully fracturing Plaintiff's foot and ankle. Plaintiff complained his foot and ankle was swollen and discolored, turning red and purple. On day of altercation with Polk officers on 9/6/17, Plaintiff made an outcry

-2-

to the necessary officials, seeking medical help and attention. Plaintiff was in constant pain and unable to walk or put pressure on his foot. Plaintiff was sent to ~~medical~~ the Units Medical Department on 9/6/17, due to the swelling and discoloration of his foot. The provider took X-Rays, and *erroneously* concluded there were no fractures to Plaintiff's foot. Instead of providing treatment to Plaintiff's foot, the provider prescribed 10 days of Ibuprofen and crutches, and did not give Plaintiff any support for Plaintiff's foot, that was later diagnosed as fractures. The providers deliberate indifference and callous disregard to Plaintiff's medical needs resulted into Plaintiff's pain and suffering. Moreover, since the provider was cognizant that it was a "use of force" that resulted into Plaintiff's foot damage, Plaintiff contend his mis diagnosis was calculated to protect the officers. On the next two days, 9-7-17 and 9-8-17, Plaintiff did not receive the medicine (Ibuprofen) that was prescribed to him, which resulted

- 3 -

into Plaintiff's experiencing so much pain until Plaintiff lost his will to live and attempted suicide. On 9/8/17, your Plaintiff was sent to J-4 Unit (Psyche Ward). Before departing to J-4 unit, the Polunsky Unit staff took back the crutches, forcing Plaintiff to place weight on his painful fractured foot by walking without the aid of crutches. Plaintiff, whose foot was clearly swollen and discolored, made an outcry 9/12/17 on J-4 unit about his foot. J-4 unit ordered X-rays. Plaintiff was transferred the next day, 9/13/17, to the Walls Unit, Huntsville, Texas. The X-rays were taken at the Walls Unit; however, instead of making an independent diagnosis of Plaintiff's foot, the provider read Plaintiff's files from the Polunsky Unit and concluded, erroneously, there is nothing wrong because of the diagnosis and analysis of the Polunsky Unit's report.

It was this initial misdiagnosed report, that served as the basis of this Civil Rights Complaint. Providers from R-1 unit and J-4 unit relied upon the initial false reporting on the damage done to Plaintiff's foot, and opined Plaintiff was previously diagnosed, albeit wrongly, and concluded no treatment or analysis for fractures were necessary. Plaintiff, while being transported from unit-to-unit, continued making outcries about his foot, complaining of pain, swelling and discoloration, only to be told there was no fractures or serious problems, due to analysis and diagnosis of the initial provider of medical treatment at the Polunsky Unit, shortly after incident occurred. Grievant/Complainant continued filing grievances and making an outcry that he need to go to the hospital about his foot. On 9-24-17, Jester 4 Unit Medical sent Plaintiff to the hospital for a CT scan. This was a full twenty (20) days after fracture, and Plaintiff received no splint or

-5-

proper treatment. Plaintiff stayed in the hospital for approximately 10 minutes then left. Still, no treatment or adequate medical care for his fractured foot. Afterwards, a full twenty-nine (29) days later, on 10-23-17, Plaintiff was sent back to the hospital, to have them re-analyze Plaintiff's foot, in which, they provided Plaintiff with a medical boot to put on his foot. Hence, for a full forty-nine (49) days, Plaintiff went without any splint or support for his foot, which resulted into additional damage to Plaintiff's foot. Plaintiff sought medical attention at five (5) different TDCJ-ID Units, and filed many grievances to seek medical attention. While at Ramsey I Unit, Plaintiff was denied help by Lt. Lopez, who stated he called medical and pursuant to Plaintiff's medical chart there was nothing wrong. While at

-6-

Walls Unit, the Provider Referred to Plaintiff's Chart, which contained the initial Misdiagnosis from Provider at Polunsky Unit, and stated He did not want to go over the Head of Another Provider who has Previously Diagnosed Plaintiff and Refused Treatment. R-1 Unit, Lt. Unknown, after examining Plaintiff's foot, on 9-17-17, sent Plaintiff to the Terrell Unit for Medical Treatment. Instead of According Plaintiff Medical Treatment, your Plaintiff was Denied Treatment Due to what was written in the Medical Chart that says "No Breaks or Fractures." Plaintiff Received More Ibuprofen for the Pain, only. Plaintiff, in So Much Pain Due to a Fractured foot on 9/18/17, again sought to kill himself to stop the Pain. Plaintiff was Gassed, (On Ramsey I Unit), and Afterward, Lt. Lopez, CO Smith and the Unit Warden, Placed Plaintiff on Bus back to F-1 Unit for Psyche

-7-

treatment. On 9-20-17, while at J-4, Plaintiff again made outcries, stating he needed to go to medical. Officer Samuel and Sgt. Malik, after examining Plaintiff's foot, and seeing that it was so swollen Plaintiff could not put on a sock and was discolored, requested Plaintiff arrive at hospital for treatment. On 9-24-17, Officer Bennett and Faulkner, took Plaintiff to hospital in Galveston, Texas. Plaintiff received an x-ray and CT scan. Plaintiff left hospital and was returned to J-4 unit. When Plaintiff arrived back to J-4 unit, it was the medical department personnel who informed Plaintiff that he had a broken toe and sprung ankle, but did not render treatment. On 10-2-17, Plaintiff was transferred back to R-1 unit. Plaintiff again complained of pain and lack of treatment. On 10-12-17, Plaintiff was sent back to R-1 unit, and continued requesting for medical treatment and complaining of pain.

-8-

PLAINTIFF ASSERTS PRISON OFFICIAL KNEW OR SHOULD HAVE KNOWN THE 8th AMENDMENT GUARANTEE REQUIRED BETTER REGARD TO PLAINTIFF'S MEDICAL NEEDS, IN LIGHT OF OBVIOUS INJURY TO PLAINTIFF'S FEET, DUE TO SWELLING, DISCOLORATION, PLAINTIFF'S ATTEMPT TO COMMIT SUICIDE, TWICE, TO ESCAPE THE PAIN TO HIS FEET AND PLAINTIFF'S CONTINUED AND CONSISTENT OUTCRY FOR HELP AND MEDICAL TREATMENT. PRISON OFFICIAL ACTIONS AND OMISSIONS WERE UNREASONABLE, AND CONSTITUTED INHUMANE TREATMENT OF PRISONER, BY DISREGARDING PRISONER'S MEDICAL NEEDS FOR FORTY-NINE (49) DAYS, AND NOT TAKING REASONABLE MEASURES TO ABATE HARM AND HEALTH NEEDS. FARMER V. BRENNAN, SUPRA. THE TREATMENT A PRISONER RECEIVES IN PRISON AND CONDITIONS UNDER WHICH HE IS CONFINED ARE SUBJECT TO SCRUTINY UNDER THE 8th AMENDMENT. HELLING V. MCKINNEY, 113 S.Ct. 2475, 2480 (1993). THE 8th AMENDMENT REQUIRES AND IMPOSES DUTIES ON PRISON OFFICIALS, WHO MUST PROVIDE HUMANE CONDITIONS OF CONFINEMENT, TO ENSURE INMATES RECEIVE ADEQUATE FOOD, CLOTHING, SHELTER AND MEDICAL CARE. HUDSON V. PALMER, 104 S.Ct 3194, 3200 (1984); ESTELLE V. GAMBLE,

12

97 S.Ct. 285, 290 (1976). Hudson v. McMillian, 112 S.Ct. 995, 998 (1992). Prison Official's Showed "Deliberate Indifference" Towards Plaintiff's Health. Wilson v. Seiter, 111 S.Ct. 2321, 2326-2327 (1991). The Deprivation alleged by Prison Official's acts and omissions Resulted into the Denial of "the Minimal Civilized Measure of Life's Necessities." Rhodes v. Chapman, 101 S.Ct. 2392, 2399 (1981).

## V.

## Motion For Discovery

Plaintiff intends on filing a "Motion For Discovery" to retrieve relevant names pertinent to this lawsuit. Your Plaintiff was repeatedly deprived of names requested, in an effort to cover up for officers involved in this complaint. Plaintiff is cognitive of the fact "Names" are necessary to the complaint and asserts names can and will be retrieved, from

-10-

the records and documents assessible through TDCJ-ID files.

## VI.

## Jury Demand

Plaintiff request a jury trial and "Counsel Appointed" in the resolution of his complaint.

## VII.

## Capacity

Your Plaintiff sues the defendants in their official, individual and personal capacity, and that each defendant should be individually and collectively liable for their acts, omissions and commissions in this complaint. Alternatively, the agency of TDCJ-ID should be held liable.

## VIII.
## Damage Awards

Plaintiff seek punitive, nominal and compensatory awards to be determined by the jury.

## IX.
## Appointment of Counsel

Plaintiff request the appointment of counsel, pursuant to 18 U.S.C. 3660CA, in light of the complexities of the case and the necessity of "Discovery" and other investigative work plaintiff, currently confined, is unable to obtain. Moreover, the particulars of the case may be far too complex for a layman at law to adequately litigate. The interest of justice would be best served by this court appointing counsel.

-15-

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES, ARGUMENTS AND AUTHORITIES CONSIDERED, PLAINTIFF PRAYS THIS COURT WOULD PERMIT JURY TRIAL, AFTER DETERMINING PLAINTIFF'S CIVIL RIGHTS WERE VIOLATED, AS ARGUED ABOVE. PLAINTIFF PRAYS THE COURT WOULD PERMIT DAMAGE AWARDS AND JUST COMPENSATION OF THE HARM SUFFERED. PLAINTIFF PRAYS THIS COURT WILL FIND MERIT TO HIS CLAIM AND CONSTRUE SAID COMPLAINT LIBERALLY. ALTERNATIVELY, PLAINTIFF PRAYS FOR WHATEVER OTHER, FURTHER OR DIFFERENTLY RELIEF THIS COURT DEEM IS JUST AND PROPER, IN THE INTEREST OF JUSTICE. IT IS SO PRAYED FOR.

RESPECTFULLY SUBMITTED,

DONALD DAVIS #1762796
PLAINTIFF, PRO SE
DARRINGTON UNIT

## AFFIDAVIT

Pursuant to Title 6, Chapter 132, V.T.C.A., Civil Practice and Remedies Code:

I, Donald Davis, Plaintiff, Pro Se, being currently confined in the TDCJ-ID, Darrington Unit, located here in Brazoria County, Texas, have read the foregoing complaint, and hereby depose and declare under the pain and penalties of perjury the foregoing complaint is true and correct to the best of plaintiff's belief and knowledge.

Executed on this the 25 day of April, 2019.

Donald Davis  
Donald Davis #1762196  
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I, Donald Davis, Plaintiff, Pro Se, files this his "Civil Rights Complaint," in good faith, hereby certify a true and correct legible copy of the foregoing complaint was served upon the U.S.D.C., Southern District of Texas, Houston Division, P.O. Box 61010, Houston, Tx. 77208, on this the 25 day of April, 2019.

Donald Davis #1762196  
Donald Davis #1762196  
Plaintiff, Pro Se

-17-

Mr. Donald Davis
TDCJ # 1762796
Darrington Unit
59 Darrington Rd.
Rosharon, Tx. 77583

April 25, 2019

United States Courts
Southern District of Texas
FILED

MAY 07 2019

David J. Bradley, Clerk of Court

United States District Court
Southern District of Texas
Houston Division
P.O. Box 61010
Houston, Tx. 77208

Re: Enclosed Civil Rights Complaint, Forma Pauperis Forms w/ 6 Mo. Printout.

Dear Court Clerk:

Enclosed, please find an original copy of a "Civil Rights Complaint", along with Forma Pauperis forms, to be filed before the Court. Please file said "Complaint", along with Forma Pauperis form w/ 6-month printout before the Court, having the appropriate jurisdiction over the same, at the Court's earliest convenience. Your help in this matter would be greatly appreciated.

Sincerely,

Donald Davis #1762796
Donald Davis # 1762796
Plaintiff, Pro Se

