In The United States District Court Pg. 1 of 11
Southern District Of Texas, Houston
Division

Donald W. Davis, JR.
TDCJ-ID # 01762579
V.
Glen W. Wise, et al.
Defendants

Civil Action No. 4:19-CV-01729

United States Courts
Southern District of Texas
FILED
MAR 22 2023
Nathan Ochsner, Clerk of Court

Plaintiff Initial Disclosure /
Amended Complaint

On the grounds listed below Plaintiff Davis, JR. # 01762579 will Prove to the Courts beyond a reasonable doubt, that (collectively) defendants mentioned herein did Fail to meet medical standards, Particapated in concert in a cover-up scheme For Officer braking Plaintiffs Foot/toe causing Plaintiff unwanted Pain and suffering as well as loss of Fuction in his Foot by Purposely misdiagnosing him, and Failed to render Proper medical treatment in a timely Fashion due to cover-up scheme. Plaintiff also cites Haines v. Kener, 92 S.Ct. 594 (1972);

1) As a matter of law Plaintiff Davis, JR. will show merit of Fact that (collectively) defendants mentioned herein Failed to meet medical standards when it came to rendering Plaintiff treatment. (see) Calloway v. City of New Orleans, 524 So.2d 182, 186-87 (La. App. 4 cir. 1988) (Medical "corpsman" was obliged to exercise the same standard of care while working in a Prison as while working in a hospital), which defendants mentioned herein did "NOT" meet as they were in concert to Pull a cover-up scheme For the corparation they work For known as (UTMB) who are contracted through (TDCJ). Which is the reason they attempted cover-up scheme to Provent a civil rights complaint For Officer braking Plaintiffs Foot/toe and medical not rendering Propertreatment or care in a timely Fashion. (see) Davis Initial Disclosure 125 signed by Glen W. Wise on 9-4-17 that states "no visible injury or respiratory distress noted", which contridicts the video camera From UOF on 9-4-17 as Plaintiff

(See) also Davis Id. 112 which is the I-60/Sick call that was gave to the nurse by CDO Officer on 9-4-17 that states, "Plaintiffs ankle and toe was stepped on by an Officer and it hurts".

2) Because Plaintiffs medical need was so serious CDO Officer had to get Lt. Terrell a "layman" who looked at Plaintiffs leg/Foot and stated; "Plaintiff needs to go to a hospital". (See) Richardson v. Nassau County, 227 F. Supp. 2d 196, 201 (E.D.N.Y. 2003) (Evidence of a diagnosable eye condition is significant in determing seriousness a Plaintiff in a 1983 suit is not required to Produce expert medical testimony), (See) Davis Id. 106 that states, "On 9-6-17 Plaintiff had Pain of a 7, throbbing, and was taken to medical for ankle Pain / swelling". (See) Davis Id. 105 which states, "ambulatory", but when Plaintiff was taken to medical 9-6-17 by Lt. Terrell it was in a wheelchair. (See) Davis Id. 107-08 that states, "9-6-17 Plaintiff had swelling, limited lower right extremity, guarded movement, gait limp, sit with difficulty, states Officer stepped on Foot/toe and hit ankle signed R.N. Persinger". Which contridicts Davis Id. 112 that stated "Plaintiff in wheelchair unable to bear weight on right Foot, Mild swelling to 1st and 2nd toe, hypersensitive to light touch, with contusion to right Food signed 9-7-17 by P.A. Reilley". Who also stated, "Plaintiff had no Fracture or bony abnormalities" in cover-up scheme because they are trained to cover For Officials to Provent a civil rights complaint; also because he need to cover For (UTMB) staff who Fail to treat Plaintiff the 1st time he was seen on 9-4-17. (See) Jackson v. US 577 F. Supp. 1377, 1379 (E.D. MO. 1983) (Failure to render Proper emergency care).

3) On 9-4-17 Plaintiff notified L.V.N. Wise on video camera "he could not breath and Foot hurt", which is "NOT" what L.V.N. Wise noted on record. (See) Davis Id. 125 that states, "no visible injury or respiratory distress". He also claimed, "Plaintiff was Faking to get out of a case". (See) Spruill v. Gillis, 372 F. 3d 218, 237 (3d Cir. 2004) (allegations that

multiple occasions and accused him of "Playing games" supported claims of deliberate indifference).

4) (See) Davis Id. 108 noted by L.V.N. Persinger that "Plaintiff had a swollen ankle on 9-6-17 stepped on by Officer", which is the same day P.A. Reilley stated; "Plaintiff had no brake or Facture. (See) Davis Id. 458-462 states, "Plaintiff wants more care medical treatment for his foot and put a sheet around his necc "NOT" tied off to obtain this care, also X-rays reveal a contusion / right foot red and swollen signed 9-8-17 by P.A. Reilley". Now as a matter of law, if nothing is wrong with Plaintiffs foot why would he want or need more care for his foot? (See) Davis Id. 447-48 that states, "right foot Pain / redness and swollen signed 9-16-17 by Lt. Lau and P.A. Huyinu". (See) Davis Id. 786 that states; "CT lower extrem w/o contrast cor / sag recons - right foot, History: CT of right for Patient's clinical history: Use of force 9-4-17 - No Fx but has Pain\T\ swelling Diag: Rt. Foot injury, Findings: Cortical interruption through the dorsal base of the great toe distal Phalanx. No other bony abnormality is seen. Mild subcutaneous soft tissue stranding is seen along the midial, lateral and Posterior ankle and the dorsum of the forefoot. Diagnosis - Great toe distal Phalanx fracture / soft tissue swelling signed 9-28-17 by M.D. Garcia and M.D. Nguyen". Also (See) Davis Id. 692 which states; "R-foot, attention to big toe signed 9-8-17 by radiology technologist Christian, John W. BS, MHCM". An as a matter of law, if this was all noted from 9-8-17, why did it take a total of 49 days to render proper medical treatment for Plaintiffs right foot? (See) Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (Four hour delay in treating a broken foot).

5) Now Plaintiff Davis, JR. has lost function in his foot/toe. (See) McBride v. Deer, 240 F.3d, 1287, 1290-91 (10th Cir. 2001) (Loss of function in leg constituted a "lifelong handicap or a permanent loss"). Plaintiff Davis, JR. will "NOT" be able to sustain a health living, because he will be denied certain jobs

time, and mobility of the leg/Foot.

6) In Davis Id. 462 R.N. Burden, P.A. Reilley, and MHC Freeman sent Plaintiff to Jester 4 Unit 9-8-17, because Plaintiff told L.V.N. Wise "he needs to be sent to a hospital". L.V.N. Wise stated, "the doctor said you have no brake or Fracture, and you aint going to no hospital see if Jester 4 Unit will send you to a hospital cause you faking to get out a case. (See) Spruill v. Gillis, 372 F.3d 218, 237 (3d Cir. 2004). Even after they were warned 9-8-17 by radiologist John (See) Davis Id. 692 that stated, "Pay attention to big toe". Which was confirmed brake 9-28-17. (See) Davis Id. 786 stating, "CT Lower Exterm, cortical interruption to big toe, mild subcutaneous tissue strands signed M.D. Nguyen and M.D. Garcia".

7) (See) Davis Id. 409-10 that states, "RLE big toe red/swollen due to Officer stepping on foot/toe, Plaintiff in wheel chair signed 9-8-17 by R.N. Paningbatan and M.D. Nguyen". (See) Davis Id. 407 where Plaintiff states, "this is an emergency my leg/Foot is big and swollen I need to go to a hospital". M.D. Farely and M.D. Nguyen were both contacted by R.N. Paningbatan who read them my charts from P.A Reilley that states "no brake or fracture". They did NOT take my injury serious. M.D. Nguyen stated he would see me on the 11th but didnt see me until the 12th claiming "because I wasent assigned to his unit (just visiting) I can wait like everybody else, he needs to see inmates who are assigned to his unit first. (See) Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1989) (significant and unconfortable health problems). (See) Davis Id. 407 Plaintiff told nurse that "he needs to go to the hospital", R.N. Paningbatan said "NOT without doctors orders". Therefore, both R.N.'s and M.D.'s were neglectin Plaintiffs injury, which Plaintiff may need surgery to have toe fixed. (See) Mandel v. Doe, 888 F.2d 783, 787 (11th Cir. 1989) ($500,000 for medical neglect resulting in complete hip placement).

8) (See) Davis Id. 233 where Plaintiff States, "Im in Pain and Im Suffering" Signed 9-22-17 by MA. LPC. MHC Reilek. (See) Borett v. Wiscomb, 930 F.2d 1150 1154-55 (6th Cir. 1991) (needless Pain even without Permanent injury).

9) (See) Davis Id. 692 which States, "R-Foot, attention to big toe Signed 9-8-17 by radiology technologist", which shows L.V.N. Madl, P.A. Reilley, Dr. Nguyen, Dr. Hulipas, Dr. Calles, Dr. Stedman, P.A. Kuyinu, R.N. Matthew (collectively "Defendants") mentioned in Plaintiff Id showed 8th amendment violation For at some time or another did review Plaintiffs charts From P.A. Reilley which stated no brake or Fracture signed 9-6-17 instead of doing their own evaluation after being warned by radiologist 9-8-17. (See) (Desido v. Rung, 920 F.2d 525, 529 (8th Cir. 1990) (Lacc of adequate organization and control in the administration of health ("services") supported Finding of 8th amendment violation). which is clearly seen in Davis Id., that these health care Providers were unorganized; negligent, and deliberate indifferent to Plaintiffs medical needs. Because they were in concert in a cover-up scheme For their UTMB Providers / Co-Workers Failing to render Proper emergency care. Evidence of cover-up scheme can be Found in Plaintiffs Id. (See) Davis Id. 005 "signed 9-4-17 by L.V.N. Wise that states no injury" which contridicts Davis Id. 712 "the I-60 From 9-4-17 that states ankle/toe hurts". (See) Davis Id. 405 that states "R-leg red and swollen signed 9-10-17 by R.N. Varughese". Then (See) Davis Id. 200 "Signed 9-13-17 by P.A. Faust that says no brake or Fracture". which contridicts Davis Id. 274 "Signed 9-28-17 by Dr. Nguyen that diagnose Plaintiff with a Fracture". Also (See) Davis Id. 595 "Signed 10-2-17 that states No one is trying to help Plaintiff or look at his Foot even after they confirmed it's broken". (See) Davis Id 445 which is a contridiction within itself stating "Pt denies any injury, but states he has a rash From gas" which is a injury. Signed 9-18-17 by L.V.N. Powell". (See) Davis Id. 557 "Signed 10-23-17 by M.D. Foreman

which contridicts Davis Id. 199 (signed 9-6-17 by P.A. Reilley that states "no brake or Fracture") and also Davis Id. 200-201 (signed 9-13-17 by P.A. Faust noted "no brake or Fracture") also signed by M.D. Calles and M.D. Stedman.

10. UTMB and TDCJ Official worked together as a gang/organization in cover-up scheme, For everytime Plaintiff notified them an Officer did step on his Foot and broke it, they would state "no brake or Fracture" or he faking to get out of a case. This was done to Prevent a Civil Rights Complaint, they went as far as to assault Plaintiff to make him stop Pursuing access to court (see) Davis Id. 125 (signed by L.V.N. Wise that states "no injury"), which contridicts Davis Id 712 the "I-60 From 9-4-17 stating (Foot stepped on by Officer ankle/toe hurts"). Also, (see) Davis Id. 108 stating ("Foot stepped on by Officer Pain/swelling signed 9-6-17 by R.N. Persinger"). See continuing cover-up scheme in Davis Id. 112 ("signed by P.A. Reilley 9-7-17 stating Mild swelling to 1st and 2nd toe/right Foot contusion no Fracture"), also (see) Davis Id. 120 ("signed by P.A Faust, M.D. Calles, and M.D. Stedman on 9-13-17 again "no Fracture"). But M.D. Nguyen noted Plaintiff had "crush injury of ankle/Foot signed 9-21-17"). Then (see) Davis Id. 121-122 (signed M.D Nguyen noted "soft tissue swelling/great toe distal Phalanx Fracture signed 9-29-17" then (see) Davis Id. 376 "signed R.N. Matthew 10-3-17 noted Fracture due to UOA 1 month before"). Also, (see) Davis Id. 290-292 signed 12-23-17 by R.N. Shah stating "on 12-13-17 a guard hit Plaintiff in the bacc of the head and he fell and twisted his right Foot/ankle"), then (see) Davis Id. 549 (signed by L.V.N. Mudd and P.A. Reilley stating no visiable injuries except 2 red marks on upper bacc only complaint is old injury to right Foot), but they never said I complaint about guard hitting me in the bacc of the head

Scheme For Officers. (See) Davis Id. 546 (Signed on 12-19-17 Stating Plaintiff is "Stressed, Scared For his life. Believes CO's are trying to kill him, says that CO's beat him up and was hurt but they wouldnt take him to medical. Has Filed numerous grievances believes they were thrown away). (See) Davis Id 163-164 which is the grievance For Officer beating him up and gasing him in his sleep For trying to access court in a Civil Rights Complaint against UTMB and State Officials For Officer braking his Foot and medical Pulling a cover-up Scheme. (See) Davis Id 11-12, 14-15, 23-24, 74-75, 80-81, 87-88, 95-96, 97-98, 161-162, 167-168, and 169-170. Also, (See) Cover-up Scheme in Davis Id. 199 ("Signed 9-6-17 by P.A. Reilley that state "no brake or other bony abnormalities"), who comes back later and admittes to Fracture because he did "NOT" remember Plaintiff was a refugee on his unit month Prior. (See) Davis Id. 548 (Signed 12-14-17 by Reilley that states "tissue swelling new moderate Periarticular osteopenia of Ankle/Foot. Acute bony abnormality is seen. Differential diagnosis is broad includes inflammatory arthritis, infection, complex regional Pain syndrome, disuse, and other causes. Crush injury of Ankle/Foot Fracture of Foot and toe except Ankle.) Therefore, due to medical neglect, delay in treatment, deliberate indifference that has caused Plaintiff to have inflammatory arthritis, and an infection that could have Poisioned blood stream and kill Plaintiff, as well as complex regional Pain sydrome. (See) Hayes v. Snyder 546 F.3d 516, 523 (7th Cir. 2008) (holding that objective evidence of Pain is not necessary; self-reporting may be the only evidence). Also, P.A. Reilley states Plaintiff has disuse. (See) McBride v. Deer, 240 F.3d 1287, 1290-91 (10th Cir. 2001) (Loss of Full Function in leg constituted a "lifelong handicap or Permanen loss").

11. Plaintiffs witnesses, vide/surveillance Footage

tha all defendants mentioned herein did retaliate in concert with State Officials in cover-up scheme to prevent a civil rights complaint violating his 8th Amendment of Cruel and unusual punishment for Plaintiff has sustained a life long injury due to cover-up scheme when medical "corpsman" was obliged to exercise the same treatment he would have recieve in hospital. (See) Calloway v. City Of New Orleans, 524 So.2d 182, 186-87 (La. App. 4th Cir. 1988) (Medical "corpsman" was obliged to exercise the same standard of care while working in a person as while working in a hospital) Therefore, Plaintiff Davis, JR. assert that all defendants mentioned herein did act in "bad" faith and their actions were "NOT" in compliance with the law, medical standards or constitution of the United States.

12. Plaintiff Davis, JR. did comply to Prison Litigation Reform Act by exhausting all administrative remedies. (See) Davis Id. 575 which is a sicc call. (See) Davis Id. 712 which is the I-60 / sicc call. (See) Davis Id. 161-164 which is the step 1 and step 2. Also, Surpreme Court ruled all a Plaintiff has to do is try / attempt to exhaust administrative remedies, which can be seen in Davis Id on numerous accounts. (See) Lewis v. Washington, 300 F.3d 829 (7th Cir 2002) (Prison dont answer step 1 means remedies are exhausted).

13. Priviliged Plaintiff is entitled to all just relief, including and not limited to compensatory damages in the amount of $800,000 against each defendant, jointly and serverally, punitive damages in the amount of $5,000 from each defendant, jointly and serverally, injunctive relief, equitable relief, expert fees, attorney

immunity (Found in chapter 101 OF the Texas Civil Practise and Remedies Code) (See) Id. at 42.20 (a) and Id. at Art. 42.20 (b) OF (A) Subsection (C) OF article, which Plaintiff Davis, Jr. has dissected the statue into various Parts. 1) Damages suffered by someone, which Plaintiff Davis, JR. is a "Person" who did suffer damages by defendants mentioned in Davis Initial Disclosure 2) The damages must arise "From an act or Failure to act" by an individual or entity describe in subParagraph (C) OF the statute, which damages did arise From the act OF defendants Failing to act according to medical standards, the law, and the United States Constitution who work For / apart OF entity in subParagraph (C) OF the statute. 3) The same act or Failure to act must also be in connection with a) a community service Program or work Program established under chapter 42 OF the Code OF Criminal Procedure or b) an inmate, Offender, or release Programmatic or nonProgrammatic activity, including work, educational, and treatment activity, which has been established that Plaintiff was and is an inmate / Offender at all times mentioned herein. 4) The same act or Failure to act by individual or entity within subParagraph (C) must be Performed "Pursant to a Court order or an Official capacity, which the Texas Department OF Criminal Justice is known as an Official capacity. 5) The same act or Failure to act by the individual or entity within subParagrap (C) must "NOT" [be] Performed with conscious indifference For safety OF others, which the defendants mentioned in Davis Id. did "NOT" Perform their duty with conscious indifference to the safety OF Plaintiff are he would "not" have sustained a "lifelong injury or loss".

14) These defendants mentioned herein are "NOT"

responsible for the well being and safety of Plaintiffs health, which defendants have failed below medical standards as individuals and a organization known as (UTMB) because they intentionally misdiagnosed and mistreated Plaintiff in a cover-up scheme. (See) Domino, 239 F.3d at 756 (showing claim that a prisoner was intentionally treated incorrectly constitutes deliberate indifference). This also caused a delay in treatment that resulted in a "lifelong injury". (See) Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993) (where the Plaintiff alleged a delay in medical treatment, resulted in substantial harm for the Prisoner). Plaintiff has proven to the courts Prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, and engaged in similar conduct that clearly evince a wanton disregard for serious medical need. (See) Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1995). (See) Davis Id. 692 (signed 9-8-17 by radiologist states "Pay attention to right foot / big toe", which shows deliberate indifference to Plaintiffs serious medical need because officials were aware "Plaintiff faced a substantial risk of serious harm and measures to abate it". (See) Davis Id. 458-462 which states "on 9-8-17 Plaintiff wants more care for his foot", meaning care was requested "NOT administrated". (See) (Farmer, 511 U.S. at 847).

15. All defendants mentioned herein did violate standard policy and procedure (See) Grievance Code 608 (Delay / denied access to medical treatment / infirmary services), which is seen in Davis Id. 692 that states "Pay attention to R-Foot big toe". (See) Davis Id. 595 which stated "they are NOT trying to help Plaintiff even after confirming his foot / toe was fractured and that Plaintiff requested a splint or something to support foot, as well as Plaintiff

Put a string around his neck to get medical treatment for his foot signed 10-21-17". Also, as a matter of law if Plaintiff sustained foot injury 9-4-17 and didnt recieve a medical boot until 10-23-17 but confirmed fracture 9-23-17, why a 49 day delay in treatment that lead to a "lifelong injury" violating Grievance Code 526 safety issues, 615 Health care interpreter service issues, 636 Laboratory testing / x-rays / diagnostic test issues, 637 Disagreement with / misdiagnosis issues, 679 Brace and limb issues, and 676 Physical therapy / care issues. (See) Davis Id 199 that states ("no fracture or bony abnormalities signed 9-7-17 by P.A. Reilley") which is the same P.A. in Davis Id. who states ("Plaintiff has soft tissue swelling, new moderate periarticular osteopenia to ankle / foot, Differential diagnosis is bread includes inflammatory arthritis, infection complex regional pain syndrome, disuse and others crush injury of ankle/foot fracture of foot and toe except ankle signed 12-14-17 by P.A. Reilley"). The delay in treatment shows cover-up scheme. (See Grievance Code 418 conspiracy / retaliation).

16. Court should grant leave freely to Amend Complaint for Motion of disclosure / Amended complaint with merit of fact. Foman v. Davis, 371 U.S. 178, 182 (1962).

Date 2-6-23

Donald Wood Davis, Jr.
TDCJ-ID # 01762796
Allred Unit
2101 FM 369 N
Iowa Park, Tx 76367



FM 369 N
PARK, TEXAS 76367
RETURNED FOR ADDITIONAL POSTAGE
United States
Southern District
Houston Tx
United States Courts
Southern District of Texas
FILED
MAR 22 2023
Nathan Ochsner, Clerk of Court
Civil Action No. 4:19-CV-01729
USA 1 DOLLAR
PURPLE HEART
FOREVER USA
USPS